# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO S. DOMENECH,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN,<br><br>    Respondent. | Case No. 1:18-cv-01601-LJO-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF No. 5) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

After a jury trial in the United States District Court for the Western District of Michigan, Petitioner was convicted of possession with intent to distribute 5 grams or more of cocaine base, possession with intent to distribute unknown quantity of marijuana, possession of a firearm in furtherance of a drug trafficking crime, felon in possession of firearm, and possession of counterfeit Federal Reserve notes. (ECF No. 5 at 13).[1] On February 11, 2008, Petitioner was sentenced to a 420-month term of imprisonment. (Id. at 14). The Sixth Circuit affirmed the judgment, and the petition for writ of certiorari was denied. (Id. at 2–3). Thereafter, Petitioner

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

filed a motion under 28 U.S.C. § 2255, which was denied by the district court as time-barred on January 16, 2014. The Sixth Circuit denied Petitioner's motion seeking permission to file a second or successive § 2255 motion. (ECF No. 5 at 4).

On November 27, 2018, Petitioner filed the instant petition for writ of habeas corpus, challenging the conviction and sentence imposed by the United States District Court for the Western District of Michigan based on impermissible use of suppressed evidence and Johnson v. United States, 135 S. Ct. 2552 (2015). (ECF No. 5 at 1, 6–7).

## II.

## DISCUSSION

A federal court may not entertain an action over which it has no jurisdiction. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam). A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by moving the court that imposed the sentence to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Alaimalo v. United States, 645 F.3d 1042, 1046 (9th Cir. 2011). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted).

Nevertheless, a "savings clause" or "escape hatch" exists in § 2255(e) by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." Alaimalo, 645 F.3d at 1047 (internal quotation marks omitted) (quoting 28 U.S.C. § 2255); Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008); Hernandez, 204 F.3d at 864–65. The Ninth Circuit has recognized that it is a very narrow exception. See Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under § 2255 is procedurally barred. Id. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

"An inquiry into whether a § 2241 petition is proper under these circumstances is critical to the determination of district court jurisdiction" because § 2241 petitions must be heard in the custodial court while § 2255 motions must be heard in the sentencing court. Hernandez, 204 F.3d at 865. If the instant petition is properly brought under 28 U.S.C. § 2241, it may be heard in this Court.[2] Conversely, if the instant petition is in fact a disguised § 2255 motion, the United States District Court for the Western District of Michigan, as the sentencing court, has jurisdiction.

A petitioner may proceed under § 2241 pursuant to the savings clause when the petitioner "(1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." Stephens, 464 F.3d at 898 (citing Ivy, 328 F.3d at 1060). In the Ninth Circuit, a claim of actual innocence for purposes of the § 2255 savings clause is tested by the standard articulated by the Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). Stephens, 464 F.3d at 898. In Bousley, the Supreme Court explained that "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." 523 U.S. at 623 (internal quotation marks and citation omitted). Furthermore, "actual innocence means factual innocence, not mere legal insufficiency." Id.

In the petition, Petitioner asserts that his "current detention is illegal because his conviction is predicated upon the state and federal authorities impermissible use of suppressed evidence, in violation of Petitioner's rights of due process and established law." (ECF No. 5 at 6). However, Petitioner's argument regarding impermissible use of suppressed evidence challenges the legal sufficiency of his conviction rather than demonstrating Petitioner's factual innocence. Petitioner also contends that after Johnson his sentence is based upon unconstitutionally vague career offender enhancements in the Sentencing Guidelines. (ECF No. 5 at 22). In the instant case, relief pursuant to § 2241 is foreclosed by Marrero v. Ives, 682 F.3d

---

[2] The Court notes that Petitioner is currently incarcerated at the United States Penitentiary in Victorville, which is located in the Central District of California. However, at the time the instant petition was filed, Petitioner was confined at the United States Penitentiary in Atwater, which is located in the Eastern District of California, and this Court retains jurisdiction. See Rumsfeld v. Padilla, 542 U.S. 426, 441 (2004) (noting that "when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release").

1190 (9th Cir. 2012), in which the Ninth Circuit held that "the purely legal argument that a petitioner was wrongly classified as a career offender under the Sentencing Guidelines is not cognizable as a claim of actual innocence under the escape hatch." Id. at 1195.

Based on the foregoing, the Court finds that Petitioner has failed to establish a cognizable claim of actual innocence for purposes of qualifying to bring a § 2241 habeas petition under the escape hatch or savings clause of 28 U.S.C. § 2255(e). Therefore, this Court lacks jurisdiction over the petition.

## III.

## RECOMMENDATION

Accordingly, the undersigned HEREBY RECOMMENDS that the petition for writ of habeas corpus (ECF No. 5) be dismissed for lack of jurisdiction.

Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __December 27, 2018__

UNITED STATES MAGISTRATE JUDGE